GUIDRY, Judge.
Plaintiff sued defendant, Saia Motor Freight Lines, Inc. (Saia), for damages he sustained when his automobile was allegedly struck by one of Saia’s trucks. Saia failed to answer the suit and a default judgment was entered in favor of plaintiff. Following receipt of notice of judgment, Saia filed a motion for a new trial, which was denied. This appeal followed!
Plaintiff, Nicholas LeBlanc, filed suit in the small claims division of the city court of Abbeville on December 17, 1981, seeking $500.00 in damages plus interest. Defendant was personally served with notice of plaintiff’s demand in accordance with the Louisiana Code of Civil Procedure on December 21, 1981. On December 29, 1981, counsel for defendant, filed a “Motion And Order To Transfer To Regular Docket”, which was granted that same day by the judge of the city court. See La.R.S. 13:5209.
Subsequently, Saia’s counsel sent a letter to the clerk of the city court requesting a copy of the “lawsuit”. The clerk responded that the suit had been filed under La.C. C.P. art. 4911 et seq. (now La.C.C.P. art. 4901 et seq.) by oral statement and indicated that citation had been personally served on defendant on December 21,1981. Defendant took no further action and, on March 24, 1982, a default judgment was entered in favor of plaintiff against defendant, Saia, for $500.00 plus legal interest from the date of judicial demand. (Former La.C.C.P. art. 4916 now La.C.C.P. art. 4904.) Inexplicably, a notice of judgment was issued and served on defendant on September 4, 1986.
On September 11,1986, defendant filed a motion for a new trial urging that the judgment entered by the City Court of the City of Abbeville is null and void because, after granting defendant’s motion to transfer of December 29, 1981, the city court was divested of subject matter jurisdiction and jurisdiction then vested in the Fifteenth Judicial District Court. A hearing on the motion was held and denied. This appeal followed.
For the reasons which follow, we dismiss this appeal.
The filing of the motion to transfer by Saia constituted a general appearance under La.C.C.P. art. 7. Therefore, under former La.C.C.P. art. 4917(A)(1), now art. 4905, no notice of judgment was required to be served upon defendant and, under former La.C.C.P. art. 4919, now art. 4907, defendant’s motion for a new trial was untimely. When judgment was rendered against defendant on March 24,1982, the delay for taking an appeal (La.C.C.P. art. 5001(B)) began to run. The time for an appeal in this case expired long prior to the granting of the order of appeal, i.e., November 20, 1986.[1]
Since we have found ex proprio motu that defendant failed to timely appeal the judgment rendered by the City Court of the City of Abbeville on March 24, 1982, we order this appeal dismissed at appellant’s cost.
APPEAL DISMISSED.

. Although unnecessary to our decision in this case, we observe that Saia’s "Motion and Order To Transfer To Regular Docket” merely moved plaintiff’s suit from the small claims division of the Abbeville City Court, a court which accorded defendant no right of appeal, to the regular docket of that same court, a forum from which appeal was available. See La.R.S. 13:5209. Saia’s argument that the order of December 29, 1981 effected a transfer of plaintiff’s case to the district court under La.C.C.P. art. 4873 is misplaced. While La.C.C.P. art. 4873 permits removal of a suit from a city court to the district court, such removal is only available in cases where the defendant would be entitled to a trial by jury under former La.C.C.P. art. 1733, now art. 1732. See also La.C.C.P. art. 4872. Therefore, the City Court of Abbeville retained jurisdiction of this matter and, when Saia failed to timely answer, plaintiff was entitled to a default judgment upon proof of his demand. (Former La.C.C.P. art. 4916, now art. 4904.)